# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:09cv44

| | |
|---|---|
| LANCE MFG, LLC and ARCHWAY BAKERIES, LLC, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>VOORTMAN COOKIES LIMITED, )<br>)<br>Defendant. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Preliminary Injunction filed February 24, 2009 [Doc. 6].

By Order entered March 24, 2009, the Court granted the Plaintiffs' Motion for Preliminary Injunction and, subject to the posting of an appropriate bond, enjoined the Defendant and its agents from any advertising, distribution, offering for sale, sale, distribution or shipping of the Voortman Package, effective May 16, 2009. [Doc. 22]. The Defendant was given until March 25, 2009 to provide evidence to the Court regarding the damages that it may reasonably suffer if it is ultimately found to have been improperly enjoined,

and the Plaintiffs were given until March 27, 2009 to file a response to the Defendant's filing.

On March 25, 2009, the Defendant filed the Declaration of Adrian Voortman, the Vice President of Voortman Cookies Limited ("Voortman"). [Doc. 23]. Mr. Voortman states in his Declaration that in order to comply fully with this Court's Order, Voortman will have to contact all of its independent distributors and request confirmation that the subject packages have been removed from store shelves. Additionally, Mr. Voortman states that to verify that these distributors comply with Voortman's request, Voortman sales managers will have to visit every store to ensure that all of the subject packages have been removed. Mr. Voortman estimates that this will cost Voortman approximately $75,000.00 (one week's salary for every district sales manager to take the time to visit every store), as Voortman's sales managers will have to neglect other aspects of their work to make these visits. [Id. at ¶3].

The Plaintiffs filed a Response to the Defendant's filing, indicating that they do not object to a bond of $75,000.00 or such lesser amount that the Court determines to be reasonable and proper under the circumstances. The Plaintiffs note, however, that the Defendant did not identify any out-of-pocket expenses or damages that it will incur in comply with the preliminary

injunction, as the Defendant will pay the same salary to its sales managers regardless of whether these employees are used to ensure compliance. [Doc. 24].

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(c). As the Fourth Circuit has explained:

> This rule is mandatory and unambiguous. Although the district court has discretion to set the bond amount in such sum as the court deems proper, it is not free to disregard the bond requirement altogether. In view of the clear language of Rule 65(c), failure to require a bond upon issuing injunctive relief is reversible error.

Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421 (4th Cir. 1999) (citations and internal quotation marks omitted). In determining the appropriate amount of an injunction bond, the Court "should be guided by the purpose underlying Rule 65(c), which is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction or restraining order. The amount of the bond,

then, ordinarily depends on the gravity of the potential harm to the enjoined party." Id. at 421 n.3.

In the present case, the Defendant represents that it stands to incur a cost of $75,000.00 in complying with the preliminary injunction. [Doc. 23]. The Plaintiffs do not oppose the entry of a bond in that amount. [Doc. 24]. Upon careful review of the record, the Court finds that a bond in the amount of $75,000.00 would be sufficient to pay the costs and damages sustained by the Defendant in the event that it is determined that the Defendant was wrongfully enjoined. See Fed. R. Civ. P. 65(c).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiffs shall post a security bond with the Clerk of Court in the amount of Seventy-Five Thousand Dollars ($75,000.00) for the payment of such costs and damages as may be incurred by the Defendant should it ultimately be found to have been wrongfully enjoined. The injunction stated in the Court's Order of March 24, 2009 [Doc. 22] shall become effective only upon such posting.

**IT IS SO ORDERED.**

Signed: March 30, 2009

Martin Reidinger
United States District Judge